**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**INTERNET SOLUTIONS**
**CORPORATION,**

                **Plaintiff,**

**-vs-**                                                    **Case No. 6:07-cv-1740-Orl-22KRS**

**TABATHA MARSHALL,**

                **Defendant.**
_____

**ORDER**

**I. INTRODUCTION**

Plaintiff, Internet Solutions Corporation (hereinafter "ISC") filed its complaint on November 1, 2007, against the Defendant, Tabatha Marshall (hereinafter "Marshall") for defamation, trade libel, and injurious falsehood. ISC seeks compensatory and punitive damages against Marshall. ISC also seeks permanent injunctive relief to prevent Marshall from disseminating any defamatory or injurious information relating to ISC. (Doc. 1 at 1.) On November 3, 2007, Marshall was personally served in the state of Washington. (Doc. 4 at 2.) On November 20, 2007, Marshall filed a motion to dismiss asserting lack of subject matter and personal jurisdiction. Marshall claims that (1) ISC failed to establish a proper basis for subject matter jurisdiction, (2) ISC is unable to affirmatively support the complaint's conclusory jurisdictional allegations and cannot establish personal jurisdiction, and (3) there is no basis for the exercise of personal jurisdiction over Marshall. (Doc. 4 at 1-2.)

**II. BACKGROUND**

ISC is a Nevada for-profit corporation, which has its principal place of business in Orlando, Florida. (Doc. 1 at 1.) Marshall is a private individual who resides in the State of Washington. Marshall Declaration (Doc. 5 at 1.) ISC operates various employment

recruiting and internet advertising websites. ISC alleges that Marshall entered into the state of Florida to commit a tortious act through internet postings on "www.tabathamarshall.com." Further, ISC claims that Marshall's website or weblog contains numerous defamatory statements, alleging that ISC engages in on-going criminal activity, scams and phishing. ISC also asserts that Marshall knowingly published these false statements with the intent to harm ISC's business reputation. ISC contends that personal jurisdiction over Marshall is proper since Marshall posted derogatory information specifically relating to an identified entity in a foreign forum. (Doc. 12 at 5, ¶ 3.) ISC alleges that the internet postings caused injury to ISC's business in Florida.

Marshall asserts that jurisdiction is not proper since Marshall is a resident of Washington state and does not have sufficient contacts with Florida. Marshall claims that she does not own or lease property in the state of Florida, does not operate a business of any kind, has only visited Florida on one occasion (which had no connection to her website "www.tabathamarshall.com"), has never placed advertisements on the website, receives no compensation for the website and has never distinguished or targeted Florida individuals. Marshall Declaration (Doc. 5 at 1-2.)

### III. QUESTIONS PRESENTED

**A.** Whether the district court has subject matter jurisdiction in the case at bar.

**B.** Whether the district court can exercise personal jurisdiction over the non-resident defendant (Marshall) pursuant to Fla. Stat. 48.193(1)(b) and the Due Process Clause of the U.S. Constitution.

### IV. ANALYSIS

#### A. Subject Matter Jurisdiction

Pursuant to *28 U.S.C.A.§ 1332*, subject matter jurisdiction is proper in federal court when there is a matter in controversy between citizens of different states and "where the matter in controversy exceeds the sum or value of $ 75,000." *28 U.S.C.A.§ 1332*. This case involves a controversy that exceeds the sum or value of $75,000. (Doc. 1 at 2.) ISC is a

Nevada for-profit corporation, which has its principal place of business in Orlando, Florida. (Doc. 1 at 1.) Marshall is a private individual who resides in the State of Washington. Marshall Declaration (Doc. 5 at 1.) Therefore, pursuant to *28 U.S.C.A.§ 1332*, this court has subject matter jurisdiction based on diversity of citizenship.[1] *28 U.S.C.A.§ 1332* (2008)**.**

## B. Personal Jurisdiction

A district court's determination of personal jurisdiction over a nonresident defendant generally entails a two-part inquiry. First, the court must determine whether the exercise of jurisdiction is appropriate under Florida's long-arm statute. *Sloss Indus. Corp v. Eurisol,* 488 F.3d 922, 925 (11th Cir. 2007) (citing *Sculptchair, Inc. v. Century Arts, Ltd.,* 94 F.3d 623, 626 (11th Cir. 1996)). Second, the court must determine whether there are sufficient minimum contacts with the forum state to satisfy the Due Process Clause of the U.S. Constitution and traditional notions of fair play and substantial justice. *See Sculptchair*, 94 F.3d at 626 (quoting *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945)). The two-part inquiry must be satisfied before the court can properly exercise personal jurisdiction over a nonresident defendant. *Madara v. Hall*, 916 F.2d 1510, 1514 (11th Cir. 1990).

"The plaintiff bears the burden of establishing a prima facie case of personal jurisdiction by '[p]resent[ing] enough evidence to withstand a motion for directed verdict.'" *Goforit Entm't LLC v. Digimedia.com L.P.*, 513 F. Supp. 2d 1325, 1328 (M.D. Fla. 2007) (quoting *Stubbs v. Wyndham Nassau Resort & Crystal Palace Casino,* 447 F.3d 1357, 1360 (11th Cir. 2006)). "If 'the defendant submits affidavits contrary to the allegations in the complaint, the burden shifts back to the plaintiff to produce evidence supporting personal jurisdiction, unless the defendant's affidavits contain only conclusory assertions that the defendant is not subject to jurisdiction.'" *Goforit*, 513 F. Supp. 2d at 1328 (quoting *Stubbs,* 447 F.3d at 1357).

### 1. Florida Long-Arm Statute

---

[1] The Defendant raised an issue of pendant jurisdiction in the complaint. (Doc. 1.) The court has determined that there is subject matter jurisdiction based on diversity of citizenship. Therefore, pendant jurisdiction is a non-issue.

ISC claims that Marshall is subject to personal jurisdiction under Florida's long-arm statute § 48.193(1)(b)[2] because (1) Marshall committed intentional torts in the State of Florida through the internet and (2) caused harm to ISC's business in Florida. (Doc. 12 at 2.) The Eleventh Circuit has established that "jurisdiction may be found in certain instances where an out-of-state defendant commits a tort that produces an injury in Florida." *Horizon Aggressive Growth, L.P. v. Rothstein-Kass*, P.A., 421 F.3d 1162, 1168 (11th Cir. 2005). The court assumes for the purposes of deciding the instant motion that the tortious conduct element of the long-arm statute has been satisfied.

However, ISC bears the burden of establishing a prima facie case of personal jurisdiction through the long-arm statute. ISC contends that Marshall committed tortious conduct through her website, which caused injury to ISC's business in Florida. Specifically, ISC alleged that Marshall made false and defamatory statements on her website which harmed ISC's reputation in the community, deterred third persons from associating with ISC and impacted ISC's business revenues. (Doc. 1 at 3-7.)

Marshall has not adequately rebutted ISC's allegation of long-arm jurisdiction based on the claim that the tort was committed in Florida and that injury resulted in Florida. ISC has made sufficient allegations in its complaint that Marshall committed tortious conduct within the State of Florida as defined by Florida's long-arm statute. Marshall's affidavit does not rebut ISC's claim that there is jurisdiction under Florida's long-arm statute. The affidavit explains the lack of minimum contacts that Marshall has with Florida; asserts that Marshall has never done business in Florida; denies directing any communications into Florida; and denies committing any tort in Florida. Marshall Declaration (Doc. 5 at 2-4.) The affidavit does not discuss the issue of an injury resulting to ISC's business in Florida. It does not adequately refute that a tort was committed in Florida. The affidavit simply

---

[2]The court does not need to discuss § 48.193(2) because ISC concedes in response to motion to dismiss that it is not proceeding under this provision. (Doc. 12 at 1.)

concludes that Marshall did not commit any tort in the State of Florida.  (Doc. 5 at 3.) Marshall's affidavit is insufficient to shift to ISC the burden of producing evidence supporting jurisdiction because it does not adequately rebut the claim that Marshall committed a tort in Florida.

Therefore, the court finds that ISC has satisfied its burden and assumes that there is jurisdiction under Florida's long arm statute § 48.193(1)(b) for the purposes of deciding the instant motion.  However, the personal jurisdiction inquiry does not end here.  The "court must now assess whether [ISC] has established the existence of sufficient minimum contacts and whether Due Process is otherwise satisfied." *Full Sail, Inc. v. Spevack*, No. 6:03-cv-887-Orl-31JGG, 2003 U.S. Dist. LEXIS 20631, at *8 (M..D. Fla. 2003).

### *2. Due Process*

"[D]ue process requires only that in order to subject a defendant to a judgment in personam, if he be not [sic] present within the territory of the forum, he have certain minimum contacts with it such that the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.'" *Goforit*, 513 F. Supp. 2d at 1329 (citing *International Shoe*, 326 U.S. at 316 (quoting *Milliken v. Meyer*, 311 U.S. 457, 463 (1940)). The plaintiff bears the burden of establishing a prima facie case of personal jurisdiction and that the constitutional requirement of minimum contacts has been satisfied. *Goforit*, 513 F. Supp. 2d at 1328 (citing *Stubbs,* 447 F.3d at 1360).

The Eleventh Circuit in *Posner* adopted a three-part test to determine whether the minimum contacts requirement has been satisfied. "First, the contacts must be related to the plaintiff's cause of action." *Posner v. Essex Ins. Co.*, 178 F.3d 1209, 1220 (11th Cir. 1999) (citing *Vermeulen v. Renault*, *U.S.A., Inc.,* 985 F.2d 1534, 1546 (11th Cir. 1993)). "Second, the contacts must involve some act by which the defendant purposefully avails itself of the privilege of conducting activities within the forum . . .  Third, the defendant's contacts with the forum must be such  that the defendant should reasonably anticipate being haled into court there." *Posner*, 178 F.3d at 1220 (citing *Vermeulen*, 985 F.2d at 1546).

ISC contends that Marshall committed tortious acts by posting defamatory comments on her website and targeting individuals in Florida. ISC further alleges that Marshall's conduct resulted in contact or communications "into" Florida. However, "the minimum contacts must be 'purposeful' contacts." *Goforit*, 513 F. Supp. 2d at 1329 (citing *Beverly Hills Fan Co. v. Royal Sovereign Corp.*, 21 F.3d 1558, 1565 (Fed. Cir. 1994)). In *Calder v. Jones*, the United States Supreme Court found that an alleged single tortious act by a National Enquirer editor and reporter in Florida was sufficient to satisfy minimum contacts with the forum state of California. *Calder v. Jones*, 465 US 783, 789-790 (1984). The two National Enquirer employees were Florida residents who were sued in California for libel. The court reasoned that the writers purposefully availed themselves by specifically targeting a California audience, making large distributions into California, and publishing articles about a California resident. *Id*. The court further explained that the alleged tortious conduct was purposeful and calculated to cause injury in California and therefore the editors must have reasonably anticipated being haled into a California court. *Id*. at 790-791.

Unlike *Calder*, in the case at bar there is no evidence that Marshall specifically targeted Florida residents. Marshall's website was not only made available to Florida residents, but the website was equally accessible to persons in all states. Under the *Calder* analysis, even if Marshall's alleged tortious conduct occurred or resulted in injury in Florida, the single tortious act would not be sufficient to satisfy minimum contacts absent a showing of purposeful availment. According to Marshall's affidavit, her contacts with Florida were nearly nonexistent.[3] (Doc. 5 at 2-4.) ISC has not provided evidence to the contrary. Besides the web site postings do not establish any Florida-specific postings or conduct by Marshall.

In addition, the postings do not specifically mention Florida or its residents nor do they amount to purposeful availment. "The requirement for purposeful minimum contacts

---

[3] Marshall indicated in the affidavit that she visited Florida on one occasion in 2004, but insists the visit was work related and was in no way connected to her web site. However, ISC does not contend that this contact is relevant to minimum contacts for purposes of personal jurisdiction.

helps [to] ensure that non-residents have fair warning that a particular activity may subject them to litigation within the forum." *Goforit*, 513 F. Supp. 2d at 1329 (citing *Beverly Hills*, 21 F.3d at 1565). Marshall's conduct is distinguishable from the purposeful contacts made in the *Calder* case. Marshall has not made Florida-specific contacts. The mere fact that Marshall's website was accessible to residents everywhere and a resident of Florida responded does not amount to purposeful availment.[4]

". . . [T]he defendant's contacts with the forum must be such that the defendant should reasonably anticipate being haled into court there." *Posner*, 178 F.3d at 1220 (citing *Vermeulen*, 985 F.2d at 1546). ISC contends that Marshall should have known that her conduct would subject her to litigation in the court's jurisdiction. The fact that Marshall posted comments on her website "www.tabathamarshall.com," which were accessible to residents everywhere does not indicate that Marshall could reasonably anticipate being haled into a Florida court. Based on the information presented, there is nothing to support that Marshall should reasonably anticipate being called before a Florida court to answer for her alleged conduct.

The burden of establishing minimum contacts and ultimately a prima facie case of personal jurisdiction remains on ISC. Initially, ISC made sufficient allegations that Marshall's contact with Florida satisfied the federal constitutional requirement of minimum contacts. After ISC satisfied its initial burden, Marshall submitted an affidavit which controverts ISC's minimum contact allegations. The affidavit explains the lack of minimum contacts that Marshall has with Florida; asserts that Marshall has never done business in Florida and denies directing any communications into Florida. Marshall Declaration (Doc. 5 at 2-4.)

---

[4] "[P]ersonal jurisdiction surely cannot be based solely on the ability of District residents to access the defendants websites, for this does not by itself show any persistent course of conduct by the defendants in the District. Access to a website reflects nothing more than a telephone call by a District resident to the defendant computer servers, all of which apparently are operated outside of the District." *Goforit*, 513 F. Supp. 2d at 1330 (quoting *GTE New Media Servs. v. BellSouth Corp.*, 199 F.3d 1343, 1348 (D.C. Cir. 2000)).

Marshall's affidavit rebuts ISC's claim that there is jurisdiction under the minimum contacts requirement. Marshall's affidavit provides more than conclusory assertions by giving specific explanations as to why Marshall has not satisfied the "minimum contacts" requirement. For example, Marshall does not simply conclude that jurisdiction is improper, but specifically details the lack of contacts with Florida. "If 'the defendant submits affidavits contrary to the allegations in the complaint, the burden shifts back to the plaintiff to produce evidence supporting personal jurisdiction, unless the defendant's affidavits contain only conclusory assertions that the defendant is not subject to jurisdiction.'" *Goforit*, 513 F. Supp. 2d at 1328 (quoting *Stubbs,* 447 F.3d at 1357). Marshall's affidavit was sufficient to shift the burden back to ISC. ISC did not refute or provide supporting evidence that there were minimum contacts after Marshall submitted her affidavit. Therefore, ISC has failed to meet its burden of establishing sufficient minimum contacts, and the court determines that exercising personal jurisdiction over Marshall would not comport with the requirements of Due Process or the traditional notions of fair play and substantial justice.

## V. CONCLUSION

For the foregoing reasons, personal jurisdiction over the nonresident defendant in this court would be improper since there are not sufficient minimum contacts to satisfy the principles of the Due Process Clause.

Accordingly, it is ORDERED as follows:

1. Defendant's Motion to Dismiss Complaint for Lack of Jurisdiction filed on November 20, 2007, (Doc. No. 4) is GRANTED.

2. This case is DISMISSED for lack of personal jurisdiction.

3. The Clerk shall close the case.

DONE and ORDERED in Chambers, in Orlando, Florida on April 7, 2008.

ANNE C. CONWAY
United States District Judge

Copies furnished to:

-9-

Counsel of Record

Case 6:07-cv-01740-ACC-KRS   Document 27   Filed 04/08/08   Page 9 of 9 PageID 145